# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NICKOLAS J. LAUMANN,**

    **Plaintiff,**

    v.                                   Case No. 07-C-1046

**DR. HEIDORN, JANE DOE,
WILLIAM POLLARD, MICHAEL BAENEN,
RICHARD RAEMISCH, SGT. LONGZINE,
SGT. KAPPISH, KATHY LEMENS,
JEAN LUTSEY, HEIDI DANBROVA,
ROXANNE KLARKOWSKI, JAMIE WERTEL,
JEANANNE GREENWOOD, and JOHN DOES,**

    **Defendants,**

## ORDER

On May 13, 2008, I granted the plaintiff's motion for leave to proceed in forma pauperis, and ordered the United States Marshal to serve the defendants pursuant to Federal Rule of Civil Procedure 4. Although service was attempted on defendant Heidi Danbrova, she has not yet been served.[1] On June 9, 2008, the waiver of service form, FORM-USM-285, was returned unexecuted with a remark that defendant Heidi Danbrova,

---

[1] Defendants Jane Doe, John Doe #1, and John Doe #2 were also not served. Waivers of service were returned unexecuted for these defendants with remarks stating "not enough information." The plaintiff will need to use discovery to learn the identity of the Jane and John Doe defendants. In addition, a waiver of service was returned unexecuted as to defendant Sgt. Kappish with the remark "unknown at GBCI." The plaintiff should also use discovery to learn the proper identity, or possibly the proper name spelling, of this defendant. The remaining defendants, Dr. Heidorn, William Pollard, Michael Baenen, Richard Raemisch, Sgt. Longzine, Kathy Lemens, Jean Lutsey, and Jeananne Greenwood, have waived service.

Nurse is no longer employed at the Green Bay Correctional Institution and "[r]eturned 285 to clerk of court 6-9-08 for further action."

The United States Marshals Service is required to serve process on behalf of individuals proceeding in forma pauperis. See Fed. R. Civ. P. 4(c)(3). The Seventh Circuit Court of Appeals has ruled that an inmate has an obligation to provide sufficient information to identify a defendant. See Graham v. Satkoski, 51 F.3d 710, 712-13 (7th Cir. 1995). The Marshal then has the obligation to make reasonable efforts to find out the defendant's present address, even if the defendant is no longer employed by the state, county, prison, or jail. See id. In Graham, the Marshals Service had not served prison employees who no longer worked at the prison, and the record indicated that "no effort was made to ascertain the defendants' new locations." 51 F.3d at 712. The court held that the district court erred by not questioning the sufficiency of the Marshals Service's efforts to locate the former employees, and remanded the case to the district court to "evaluate the Marshals Service's efforts and the adequacy of the state disclosure procedures." Id. at 713.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that, on or before September 10, 2008 (the date specified by Federal Rule of Civil Procedure 4 for completion of service of process in this case), the United States Marshal shall ascertain the address of the unserved defendant and shall serve the unserved defendant. If the defendant has refused to accept service by mail, personal service must be effected in conformity with Federal Rule of Civil Procedure 4. The address ascertained for purposes of service need not be disclosed to

2

the plaintiff and the certificate of service may be filed under seal with the court. If service is not completed, the Marshal shall submit an affidavit explaining what efforts were made to obtain the address of the unserved defendant. This affidavit shall be filed on or before September 11, 2008.

Dated at Milwaukee, Wisconsin, this 18 day of June, 2008.

/s_____
LYNN ADELMAN
District Judge

3