UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRANKIE GROENKE,
              Petitioner,

v.                                              Case No. 08C0502

MICHAEL THURMER, Warden,
              Respondent.

## DECISION AND ORDER

On June 10, 2008, the petitioner, Frankie Groenke, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1995 conviction for armed robbery and armed burglary. He asserts as grounds for his petition ineffective assistance of trial counsel in several regards. Respondent filed a motion for summary judgment, arguing that the petition is untimely. Petitioner concedes that his petition is untimely, but argues that he is entitled to tolling of the statute of limitations applicable to § 2254 habeas petitions.

In August 1995, petitioner was convicted by a jury of armed robbery and armed burglary, and was sentenced to serve seventy years in prison. Petitioner appealed his conviction to the Wisconsin Court of Appeals, which affirmed his conviction on November 4, 1997. Petitioner thereafter sought review in the Wisconsin Supreme Court, but was denied review by the court on March 17, 1998. In June 2006, petitioner brought another challenge to his conviction in state court, seeking posconviction relief under Wis. Stat. § 974.06. The circuit court denied his request for relief on June 28, 2006. The Wisconsin Court of Appeals affirmed the circuit court's decision on April 10, 2007; the Wisconsin

Supreme Court denied the petition for review on August 14, 2007; and the United States Supreme Court denied the petition for a writ of certiorari on February 19, 2008. Petitioner then filed his habeas petition in the present action on June 10, 2008.

For persons in custody pursuant to the judgment of a state court, 28 U.S.C. § 2244(d)(1) imposes a one year period of limitation for filing federal habeas petitions. Generally, the limitation period runs from the date "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, where a state-created impediment to filing a habeas application exists, the one-year limitation period may not begin to run until that impediment is removed. Id. § 2244(d)(1)(B).

In the present case, petitioner contends that, while his petition for habeas is untimely under § 2244(d)(1)(A), he is entitled to tolling because he was denied access to an adequate law library. See Moore v. Battaglia, 476 F.3d 504 (7th Cir. 2007). In support of this claim, petitioner asserts that in March 1998, when the Wisconsin Supreme Court denied his petition for review of his conviction, he was incarcerated at the Waupun Correctional Institution and assigned a "voluntary unassigned" status. Petitioner states that a prisoner on voluntary unassigned status in 1998 was not allowed to visit a law library unless an urgent and documented legal need existed. Because petitioner was unaware of the one-year statute of limitations imposed by § 2244(d)(1)(A), he did not know that he had an urgent and documented legal need that would enable him to visit the law library. And because, without an urgent and documented legal need he was not allowed to visit the law library, he was not able to learn there of the one-year statute of limitations on his habeas petition. Following his incarceration at Waupun, petitioner was then transferred

2

to a facility in Sayre, Oklahoma on November 20, 1998. Petitioner asserts that this facility did not have any legal materials relating to the Federal Rules of Civil Procedure or habeas-related statutes and rules. Petitioner also states that by the time the Sayre facility did obtain these legal materials, the one-year statute of limitations period for filing a habeas petition had already expired. Petitioner was transferred back to a Wisconsin prison facility in 2002. He does not assert that he was denied access to adequate legal materials in that facility, or any other facility in which he was subsequently incarcerated.

The Seventh Circuit in Moore left unresolved the question of whether the denial of access to adequate legal materials warrants equitable and statutory tolling. Assuming, however, that petitioner is entitled to statutory tolling of the limitations period for the time in which he did not have access to adequate legal materials pursuant to the stated-created impediment provision, § 2244(d)(1)(B), such tolling would only last until the impediment was removed, i.e., until petitioner gained access to adequate legal materials. Based on the undisputed facts, the latest point in time at which this would have occurred is 2002, when petitioner was transferred from the Sayre facility to a Wisconsin facility. Thus, between 2002 and 2006, when petitioner filed his § 974.06 motion in state court, petitioner must rely on equitable tolling only, as no other basis has been presented for statutory tolling.[1]

"Equitable tolling is a remedy reserved for '[e]xtraordinary circumstances far beyond the litigant's control [that] . . . prevented timely filing.'" Nolan v. U.S., 358 F.3d 480, 484 (7th

---

[1] The § 974.06 motion was a post-conviction motion, and respondent has not suggested that it was improperly filed. Thus, pursuant to § 2244(d)(2), the time during which that motion, and any appeals therefrom, were pending, would have been tolled if the statute of limitations had not yet run.

3

Cir. 2004) (quoting Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003)). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Williams v. Buss, 538 F.3d 683, 685 (7th Cir. 2008). In the habeas context, "for equitable tolling to excuse an untimely filing, a prisoner must demonstrate that he could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002) (internal quotations omitted). Equitable tolling is such extraordinary relief that as of 2008 the Seventh Circuit had yet to identify a habeas petitioner whose circumstances warranted it. Tucker v. Kingston, 538 F.3d 732, 734 (7th Cir. 2008).

Petitioner's main argument in favor of equitably tolling the statute of limitations period is that he did not know that he would have any basis for tolling the limitations period until the Seventh Circuit issued the Moore decision. I conclude that this does not constitute "extraordinary circumstances" warranting equitable tolling. Even before the Moore decision, petitioner had access to the statutory tolling provision applying to a state-created impediment. Additionally, as of 2002, case law already existed regarding equitable tolling and inadequate legal materials. See Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000). The fact that petitioner came to the conclusion that he had no basis for tolling the statute of limitations does not amount to an extraordinary circumstance, but rather a mistake of law. See Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006). Further, petitioner did not file a habeas petition until ten years after his conviction became final, nor did he even return to state court to challenge his conviction until 2006. This does not constitute a diligent pursuit of his rights.

Thus, because the petition was filed well outside the one year time limit for habeas petitions under section 2254, and petitioner has not offered any meritorious argument in favor of tolling, I must dismiss his petition pursuant to 28 U.S.C. § 2244(d)(1)(A).

Therefore,

**IT IS ORDERED** that respondent's motion for summary judgment is **GRANTED** and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 20 day of March, 2009.

/s
LYNN ADELMAN
District Judge